NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-7322

MICHAEL J. POPE,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Hugh D. Cox Jr., Greenville, North Carolina, for claimant-appellant.

Martin F. Hockey, Jr., Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Jeanne E. Davidson, Director, Deborah A. Bynum, Assistant Director, and David F. D'Alessandris, Attorney. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Jamie L. Mueller, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Bruce E. Kasold

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-7322

MICHAEL J. POPE,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 02-1552, Judge Bruce E. Kasold.

_____

DECIDED:  May 1, 2009

_____

Before GAJARSA, DYK, and MOORE, Circuit Judges.

PER CURIAM.

Michael J. Pope appeals a decision of the U.S. Court of Appeals for Veterans Claims (Veterans Court) affirming a Board of Veterans' Appeals decision denying his claims related to postoperative residuals of a ventral hernia.  See Pope v. Nicholson, No. 02-1552, 2006 WL 1667039 (Vet. App. Apr. 25, 2006).  Mr. Pope, relying on our decision in Sanders v. Nicholson, 487 F.3d 881 (Fed. Cir. 2007), rev'd sub nom. Shinseki v. Sanders, 556 U.S. ---, 2009 WL 1045952 (2009), asserts that the Veterans Court erred by improperly assigning him the burden of proving that a notice error under 38 U.S.C. § 5103 was prejudicial.

Following Mr. Pope's appeal, the Supreme Court of the United States reversed our judgment in <u>Sanders</u>, holding that the burden of proving prejudicial error is properly placed on the Veteran.  <u>See</u> <u>Shinseki v. Sanders</u>, 2009 WL 1045952, at *8-9.  In light of the Supreme Court decision in <u>Sanders</u>, we <u>affirm</u> the Veterans Court.

COSTS

No costs.